Judge Marshall
delivered the Opinion of the Court.
Pollock agreed with John Wilson in the purchase of* a tract of land, for the price of six hundred dollars; and John and Joseph Wilson executed a bond to him for the conveyance of the tract, containing eighty acres, be the same more or less, being the tract where G. W. S. now lives, adjoining the land of Joseph Wilson, and also including a mill seat that I (John Wilson) purchased from Joseph Wilson, below his spring. The -bond makes pro' vision for Pollock’s having the privilege of water and timber for his machinery, and restricts Joseph Wilson from using or conveying the use of the water to any other person, except for ordinary uses; and stipulates that the conveyance shall be made when the last instalment of the purchase money (due in October, 1828,) is paid.
In May, 1831, Pollock filed his bill, stating that he had paid all of the purchase money, except the last instalment of one hundred dollars; hut that, by an experimental survey, he had discovered that the boundary of the land did not include the mill seat, which he alleges to have been his principal object, in making the purchase; and that, it did not contain more than between fifty nine and sixty acres; which facts were known, as he alleges, to John Wilson when the contract was made, but concealed from him. He avers a readiness and willingness to pay the money, but a fear that he would not be safe in so doing, &c. He prays that, if the defendants have a complete title, they may convey, according to the bond. But if it should appear, that the boundary does not include the mill seat, and that the land is deficient in quantity, he asks a rescission of the contract., and for relief in general terms.
*26 The answers admit the payments alleged; deny knowledge, or misrepresentations, as to the quantity of land; make exhibition of title deeds, and tender a conveyance, which they pray the complainant may be compelled to accept.
Upon final hearing, the bill was dismissed, with cost; and Pollock seeks a reversal.
The exact quantity of the land does not satisfactorily appear; but it is proved, that the mill seat is included in the boundary; and the defendants have shewn themselves able to convey the legal title. The mill seat was evidently the great inducement to the purchase; and the complainant does not in fact ask a rescission, unless it should appear both that the mill seat is not included, and that there is a deficiency in quantity.
Under these circumstances, ought the contract to have been rescinded, on the ground of deficiency alone? We think it ought not, even if the deficiency be as great as it is represented by the complainant. There is no ground for imputing fraud to the vendor in relation to the quantity; and although the tract is said to contain eighty acres, additional terms are used in the contract which indicate that no precise quantity was in contemplation of the parties. The land is described by reference to its position, and especially to its including the mill seat. The entire sum agreed on furnishes no criterion of the estimated value per acre, and no ground for inferring, that any such estimate was máde by either party. It is rather to be inferred, that the mill seat which was the principal inducement to the purchase, also constituted, in the estimation of the vendee, the chief constituent of value, and that the residue of the land was not in fact worth much by the acre. This is a sale in gross, and, as to quantity, a risking bargain. There is no fraud; and if there be a deficiency of quantity, tested by the number of acres mentioned in the bond, it is not in view of all the facts of this case, of so gross a character as to be considered greater than the hazard which each party was willing to encounter in making the contract. There is, therefore, no ground for rescission in consequence of the supposed deficiency.
Where a party holding a bond for land, files a bill for specific execution, if the vendor can fully comply, otherwise for a rescission ,the final decree should settle the .whole case — leavingno grounds for a new Buit by either party.
The assignee of a note for the purchase money of land, is a necessary party to a bill against the vendor, for rescission, or for specific execution upon payment of the balance.
But as the complainant prayed for a specific execution of the contract, which the defendants also insist upon, and tender a deed, the Circuit Court should have settled this part of the case by its decree,, and should not have left the parties to another suit. Indeed, it is questionable whether the complainant is not bound by the decree, as rendered, from bringing another suit for the specific execution of the contract. The Chancellor should decree a conveyance according to the bond, on the payment of the last instalment of the purchase money, which payment the complainant has offered to make.
The note for the last instalment appears to have been assigned to William Smith, who is not a party, and whose interest must evidently be affected by any event of the suit. On this ground alone, if there were no other, it was erroneous to dismiss the bill absolutely, and when the cause is returned to the Circuit Court, time should be allowed the complainant to bring Smith before the court, and on his failure to do so, the bill should be dismissed without prejudice.
It is proper to suggest, that the deed tendered by the defendants, is defective in containing no stipulation with regard to the water privileges, and is, therefore, not such a deed as the complainant is entitled to have.
The decree is reversed, and the cause remanded for further proceedings, not inconsistent with the foregoing opinion.